# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT M. EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 7:17-cv-01061-AKK-HNJ |
| | ) | |
| BECKY CLAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus action filed by petitioner Robert

M. Evans, *pro se*, pursuant to 28 U.S.C. § 2241. (Doc. 1). Evans challenges his

sentence as a career offender, asserting his prior conviction under § 13A-12-211

*Alabama Code 1975*, as amended, for unlawful distribution of crack cocaine,

cannot serve as a predicate offense for career offender sentencing.[1] (*Id.* at 9). On

August 21, 2018, the magistrate judge entered an amended report and

recommendation pursuant to 28 U.S.C. § 636(b), finding the petition properly

considered under § 2255, rather than § 2241, and further finding, in that stance, the

petition is successive. (Doc. 13). The magistrate judge recommended the petition

---

[1] Evans previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, docketed as case number 5:11-cv-08012-IPJ-HGD. The basis underlying his sentence is meticulously set forth in the report and recommendation entered in that case. *See id.*, at doc. 36. This court may take judicial notice of its own records and those of inferior courts. Rule 201, Fed.R.Civ.P.; *U.S.v . Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

be dismissed without prejudice to allow the petitioner an opportunity to obtain the Eleventh Circuit Court of Appeals' permission to file a successive petition. (*Id.* at 8). Evans filed timely objections to the report and recommendation. (Doc. 14).

In his June 2017 habeas petition, Evans asserts his conviction under Ala. Code § 13A-12-213(a) cannot serve as a predicate for career offender sentencing, based on *Mathis v. United States*, 579 U.S. ---, 136 S.Ct. 2243 (2016),[2] and his prior conviction under Ala.Code § 13A-12-211, for distribution of crack cocaine, cannot serve as a predicate for career offender sentencing. (Doc. 1 at 9). Evans objects to the magistrate judge's finding that, because his petition is successive, this court lacks jurisdiction to consider his petition unless and until the Eleventh Circuit authorizes the same. (Doc. 14 at 1).

According to Evans, the outcome of *Jarvis Mims v. United States*, No. 17-12601 (11th Cir. April 22, 2018), might impact this court's jurisdiction to hear his petition. (Doc. 14 at 1). Evans also asserts this court should look beyond the label of a motion and determine whether the motion is cognizable under a different remedial statutory framework. (*Id.* at 2). Turning first to Evans' claim that this court may stay his petition pending the outcome of *Jarvis Mims v. United States*, No. 17-12601, this position contradicts the Eleventh Circuit's holding in

---

[2] *Mathis* provided guidance on how to make threshold determinations concerning prior convictions for purposes of the Armed Career Criminal Act ("ACCA"). *See e.g., In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (citing *Mathis*, 136 S. Ct. at 2248-57).

*McCarthan v. Dir. of Goodwill Indus.-Suncoast, Ind.*, 851 F.3d 1076 (11th Cir. 2017). Regardless of whether the Eleventh Circuit ultimately determines in *Mims* that "an Alabama conviction for unlawful distribution of a controlled substance under Ala. Code § 13A-12-211(a) [does not] properly qualify as an ACCA predicate offense," *Mims*, No. 17-12601 at 8, this court is bound by the determination in *McCarthan* that Evans must proceed under § 2255. *Id*. at 1099-1100. And under § 2255, this petition is successive. Because it is successive, Evans must follow the procedures set forth in 28 U.S.C. § 2244(a)(3) and 28 U.S.C. § 2255(h). Evan points to no authority which allows this court to disregard controlling precedent and simply stay his § 2241 petition pending the outcome of an appeal, pending in the Eleventh Circuit, that was brought pursuant to § 2255. Rather, the Eleventh Circuit has foreclosed this very argument, stating "a change in case law does not trigger relief under 28 U.S.C. § 2255(e)."[3] *McCarthan*, 851 F.3d at 1085. Without permission to pursue a successive petition from the Eleventh Circuit, this court lacks jurisdiction to consider Evans' petition or to hold it in abeyance. *See* 28 U.S.C. § 2244(b)(3)(A).

Evans next asserts he should be allowed to proceed under Rule 60(b)(6), Fed.R.Civ.P. (Doc. 14 at 2). A Rule 60(b)(6) motion may be granted for "any

---

[3] Moreover, the Eleventh Circuit does not recognize *Mathis* as providing a "new rule of constitutional law" for purposes of 28 U.S.C. § 2255(h). Instead, "*Mathis* provided guidance to courts in interpreting a criminal statute." *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (quoting *Mathis*, 136 S. Ct. at 2248-57).

other reason that justifies relief." Rule 60(b)(6), Fed.R.Civ.P. A "movant seeking

relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the

reopening of a final judgment." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198,

1210 (11th Cir. 2014) (alteration in original). However, a motion under Rule 60(b)

may not be used to assert, or reassert, claims of error in the underlying conviction.

*See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) ("a Rule 60(b) motion based

on a purported change in the substantive law" could "impermissibly circumvent the

requirement that a successive habeas petition be precertified by the court of

appeals as falling within an exception to the successive-petition bar."); *United*

*States v. Evans*, Case No. 5:11-cv-08012-IPJ-HGD.[4] As set forth in the report and

---

[4] In ruling on a Rule 60(b) motion in Evans' prior § 2255 action, the court stated:

> To the extent that Petitioner directs his 60(b) motion to the judgment of
> conviction and sentence in his criminal case, Petitioner cannot use Rule 60(b) of
> the Federal Rules of Civil Procedure as a vehicle to attack his criminal sentence
> …. Rule 60, Fed.R.Civ.P., may not be used to relieve a party from a final
> judgment or provide relief from operation of a judgment of conviction or sentence
> in a criminal case. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.
> 1998); *United States v. Ortiz*, 1997 WL 733856 (E.D. Pa. Nov. 7, 1997); *United
> States v. Grange*, 1995 WL 692947 (D. Or. Nov. 21, 1995).
>
> Because Evans cannot use a Rule 60 motion to attack his criminal conviction and
> sentence, the court must construe the motion as challenging the final judgment in
> this § 2255 proceeding. Evans, in essence, is raising a new ground for relief from
> his conviction and sentence. Thus, he is attempting to circumvent the prohibition
> on second or successive § 2255 motions by styling the new challenge as a Rule 60
> motion. *See* 28 U.S.C. § 2255(h) (requiring a second or successive § 2255 motion
> to be certified by the appellate court pursuant to 28 U.S.C. § 2244); *Gonzalez v.
> Crosby*, 545 U.S. 524, 532 (2005) (state prisoners could not use Rule 60(b) to
> evade the second or successive petition bar contained in 28 U.S.C. § 2244(b) by
> either adding a new ground for relief or attacking the federal court's previous
> rejection of a claim on the merits); *Gilbert v. United States*, 640 F.3d 1293, 1323

recommendation, even if Evans is entitled to relief pursuant to *Mathis,* this court cannot reach that question without authorization from the Eleventh Circuit to consider a successive petition. *See*, *e.g.*, *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1338-39 (11th Cir. 2013).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and Evans' objections thereto, the court is of the opinion that the magistrate judge's findings concerning the successiveness of this petition are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Evans' objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate Final Order will be entered.

**DONE** the 3rd day of October, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

(11th Cir. 2011) (extending *Gonzalez* to federal prisoners ….); *Hardy v. United States*, 443 Fed.App'x. 489 (11th Cir. 2011) (motion to vacate judgment was a successive motion, subject to dismissal absent authorization from Court of Appeals).

*United States v. Evans*, Case No. 5:11-cv-08012-IPJ-HGD (N.D.Ala. Feb. 2, 2016) (doc. 48 at 7-8).